UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80200-BLOOM/Reinhart

UNITED STATES *ex rel.*
Elmer Mosley, Ph.D., R.PH.,

    Plaintiff/Relator,

v.

WALGREEN CO.,

    Defendant.
_____/

## ORDER ADOPTING IN PART REPORT & RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant Walgreen Co.'s Motion to Dismiss. ECF No. [63] ("Motion"). On February 13, 2023, the instant Motion and Defendant's Motion to Stay Discovery, ECF No. [64], were referred to United States Magistrate Judge Bruce E. Reinhart for Report and Recommendation. ECF No. [78]. On May 11, 2023, Judge Reinhart issued a Report and Recommendation, ECF No. [86] ("R&R") recommending that the Motion to Dismiss be granted in part and denied in part and the Motion to Stay Discovery be denied as moot. *See id*. at 30. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days of the R&R. *Id.* Defendant filed a motion for an extension of time to file Objections to the R&R, ECF No. [88], which the Court granted, ECF No. [89]. Defendant thereafter timely filed Objections to the R&R on June 8, 2023, ECF No. [90] ("Objections"). Relators Elmer Mosely and Pharmaleta, LLC (collectively, "Relators") then filed a motion for an extension of time to respond to Defendant's Objections, ECF No. [91], which the Court granted, ECF No. [92]. Thereafter, Relators timely filed their Response to Defendant's Objections. ECF No. [97]. For the reasons that follow, the Objections are sustained in part and the R&R is adopted in part.

Case No. 18-cv-80200-BLOOM/Reinhart

I.   **BACKGROUND**

Relator Elmer Mosely brought this action on behalf of the United States under the False Claims Act (FCA) alleging two fraudulent schemes perpetrated by Defendant: (1) the Manufacturer Coupon Scheme ("Coupon Scheme") and (2) the Medication Management Scheme ("MTM Scheme"). *See* ECF No. [1]. On July 18, 2022, the Government filed a Notice of Election to Decline Intervention. ECF No. [39]. Thereafter, on October 25, 2022, Relators filed the operative Amended Complaint, which added Relator Pharmaleta, LLC as a Plaintiff, and alleged the same Coupon and MTM Schemes. ECF No. [43]. The Amended Complaint alleges four claims: that the Coupon Scheme involved Illegal Kickbacks in violation of the FCA – 31 U.S.C. § 3729(a)(1)(A) (Count I); that the Coupon Scheme involved Illegal Kickbacks in violation of the FCA – 31 U.S.C. § 3729(a)(1)(B) (Count II); the MTM Scheme violated 31 U.S.C. § 3729(a)(1)(A) (Count III); and the MTM Scheme violated 31 U.S.C. § 3729(a)(1)(B) (Count IV). *See generally id*.

Defendant filed the instant Motion, arguing that Relators' Amended Complaint should be dismissed because (1) the Coupon Scheme allegations had been previously brought and are therefore barred by the FCA's public disclosure and first-to-file bars; and (2) the MTM scheme allegations fail because Relators do not meet their burden to allege that the services were worthless or that a false claim was paid by the Government. *See generally* ECF No. [63]. Relators filed their Response in Opposition, contending that the Court should deny the Motion because "the Amended Complaint sufficiently pleads the [Coupon] and MTM schemes, and the public disclosure and first-to-file bars do not preclude Relators' claims." ECF No. [72] at 5. Defendant filed a Reply in support of its Motion to Dismiss. ECF No. [79].

As stated above, the Motion to Dismiss and Defendant's Motion to Stay Discovery, ECF No. [64], were referred to Judge Reinhart for R&R. ECF No. [78]. The R&R recommends that the Court grant in part and deny in part Defendant's Motion to Dismiss and that Defendant's Motion to Stay Discovery be denied as moot. ECF No. [86] at 30. Defendant timely filed Objections to the R&R in which it argues that the Court should reject the R&R's recommendation that Counts I and II not be dismissed and the Court should stay discovery pending its ruling on the Motion to Dismiss. *See generally* ECF No. [90]. Relators did not file their own objections to the R&R but did file a Response in Opposition to Defendant's Objections. ECF No. [97]. Therein, Relators argue that the Court should adopt the R&R's finding that Counts I and II satisfy Rule 9(b) and are not precluded by the first-to file or public disclosure bars. *See generally* ECF No. [97].

II.     **LEGAL STANDARD**

   A.     **Objections to R&R**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for

an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### B. Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

**III.    DISCUSSION**

As an initial matter, no party has challenged Judge Reinhart's recommendation that Counts III and IV be dismissed without prejudice. The Court finds that recommendation to be well reasoned and adopts it. Counts III and IV are dismissed without prejudice.

Because Defendant timely filed Objections to the R&R, the Court considers *de novo* Defendant's Motion to Dismiss Counts I and II of Relators' Amended Complaint. In its Objections, Defendant raises four primary arguments as to why the Court should reject the R&R and dismiss Counts I and II: (1) they are precluded by the FCA's first-to-file bar; (2) they are precluded by the FCA's public disclosure bar; (3) Relators fail to adequately allege a nationwide scheme; and (4) Relators fail to adequately allege an underlying anti-kickback statute violation. *See generally* ECF No. [90]. Relators respond that the Court should adopt the R&R's finding that Relators' claims are not precluded by the first-to-file bar or public disclosure bar.  ECF No. [97] at 8-21. Relators also argue that the Court should adopt the R&R's findings that the allegations in the Amended Complaint are sufficient to allege a nationwide scheme and an anti-kickback statute violation. *Id*. at 4-8. The Court first addresses the arguments regarding the first-to-file bar.

**A.  First-to-File Bar**

Defendant argues that upon "*de novo* review, the Court should reject the R&R's recommendation that the first-to-file bar does not bar Relators' claims based on *Pharmaleta*, which alleged the nationwide [Coupon Scheme] and was pending when this case was brought." ECF No. [90] at 5. Relators respond that Defendant "failed to meet its burden to show that the R&R incorrectly concludes the first-to-file bar does not bar Relators' claims." ECF No. [97] at 9.

"[T]he 'first-to-file' bar precludes a *qui tam* suit 'based on the facts underlying [a] pending action.'" *Kellogg Brown & Root Services, Inc. v. U.S., ex rel. Carter*, 575 U.S. 650, 654 (2015) (quoting 31 U.S.C. § 3730(b)(5) (alteration in original)). "Under 31 U.S.C. § 3730(b)(5), the first-filed and later-filed claims need not be identical; they need only be 'related.'" *Cho on behalf of States v. Surgery Partners, Inc.*, 30 F.4th 1035, 1042 (11th Cir. 2022) "As other courts have observed, the first-to-file bar serves two related purposes: to eliminate parasitic plaintiffs who piggyback off the claims of a prior relator, and to encourage legitimate relators to file quickly by protecting the spoils of the first to bring a claim." *Id.* at 1040 (internal quotation marks and citations omitted).

Defendant argues that the R&R incorrectly concluded that the amended complaint filed in *U.S., ex rel. Pharmaleta v. Walgreens Boots Alliance Inc.*, did not preclude the instant case. ECF No. [90] at 9-10. Defendant contends the amended complaint in the *Pharmaleta* case, which was filed in the Northern District of Ohio, alleged a substantially similar Coupon Scheme. *See* ECF No. [63-3]. In the amended complaint filed in *Pharmaleta*, the relator alleged that "Relator's member personally observed Walgreens employees at the Brecksville Store and other stores in the greater Cleveland area regularly engage in the Manufacture Coupon Scheme." *Id.* ¶ 40. The relator in that case further alleged that "[s]ince multiple Walgreens stores utilize the same fraudulent practice with different employees and managers, it can be extrapolated that the fraudulent practice is inculcated into Walgreens' corporate culture making the fraudulent practice national in scope and size." *Id.* ¶ 52.

Defendant points to *Cho* in support of its position that the R&R reached the incorrect conclusion, and that the first-to-file bar applies. In *Cho*, the Eleventh Circuit considered whether the first-to-file bar precluded relators' suit under the FCA. *See generally Cho*, 30 F.4th 1035. The

Eleventh Circuit adopted the "material elements test" for assessing claims that the first-to-file bar applies. *Id*. 1042. "Under this test, two actions are related if they incorporate the same material elements of fraud." *Id*. (internal quotation marks omitted) (quoting *United States ex rel. Wood v. Allergan, Inc.*, 899 F.3d 163, 169 (2d Cir. 2018)). In *Cho*, the court held that both complaints alleged the same essential scheme and "the government was already alerted to that scheme, and would have been equipped to investigate whether any corporate affiliates or investors . . . were participants." *Id*. at 1044. The Eleventh Circuit therefore held that by naming an additional defendant, the relators did not make "any allegations that would meaningfully magnify the scope or pervasiveness of the scheme," so the claim was barred by the first-to-file rule. *Id*. at 1044-45.

Relators respond that Judge Reinhart correctly determined "that Dr. Mosely's complaint does more than merely incorporate somewhat different details, which the Eleventh Circuit deemed inadequate in *Cho*." ECF No. [97] at 9 (quoting ECF No. [86] at 20) (internal quotation marks omitted). Relators also insist that "Pharmaleta's prior Amended Complaint filed in the Northern District of Ohio is irrelevant to the first-to-file bar analysis" and that "only Pharmaleta's original complaint matters according to *Cho*." *Id*.

However, like the amended *Pharmaleta* complaint, the original *Pharmaleta* complaint alleges that "[s]ince multiple Walgreens stores utilize the same fraudulent practice with different employees and store managers, it can be extrapolated that the fraudulent practice is inculcated into the Walgreens culture making the fraudulent practice national in scope and size." Complaint, *U.S., ex rel. Pharmaleta v. Walgreens Boots Alliance Inc.*, No. 17-cv-01943 (N.D. Ohio Sep. 14, 2017), ECF No. [1] ¶ 58. Relators in this case base their allegations on the same fraudulent Coupon Scheme that is alleged in the original *Pharmaleta* complaint. The *Pharmaleta* complaint alleged:

> When Walgreens knowingly accepts a Manufacturer's Coupon submitted by a Medicare Part D beneficiary, deducts the Coupon's certain value from the Medicare

7

> Part D beneficiary's copayment, and bills the Pharmaceutical Manufacturer for the certain value of the Manufacturer Coupon, Walgreens conspires with the Pharmaceutical Manufacturer to make an illegal inducement to a beneficiary in violation of the Anti-Kickback Statute.

*Id.* ¶ 47. Relator Mosley's Complaint alleges the same scheme:

> Walgreens knowingly and intentionally accepted manufacturer coupons for pharmaceuticals that were clearly marked as ineligible for Medicare patients. This practice, which results in increased profits for Walgreens, constitutes an illegal inducement to Medicare patients to buy name-brand pharmaceuticals rather than less expensive competing brands or generic versions, and has been condemned as a kickback by HHS-OIG.

ECF No. [1] ¶ 1.

The Court is mindful that Judge Reinhart's side-by-side analysis led him to the conclusion that the *Pharmaleta* "complaint was limited to representative examples of Walgreens' Coupon Scheme as it existed in one specific area of Ohio, whereas Dr. Mosley's Complaint significantly broadened the scope of the scheme by providing examples from stores in New York and Florida." ECF No. [86] at 21. Although Relator Mosley provided more examples from two other geographic regions, the Court disagrees that Moseley's Complaint broadened the scope of the scheme. In the *Pharmaleta* complaint, the relator relied on examples from a specific store as representative of a larger, nationwide scheme, alleging that "[a] Walgreens store in greater Cleveland (the "Cleveland Store") serves as an example of Walgreens stores throughout the United States." *Pharmaleta*, No. 17-cv-01943, (N.D. Ohio Sep. 14, 2017), ECF No. [1] ¶ 53. The *Pharmaleta* complaint further alleged

> A limited sample size of 181 known false claims from 2010 to 2017 shows that a Walgreens Technician submitted, and a Pharmaceutical Manufacturer employee approved, Manufacturer Coupons producing $81,441.01 worth of Government damages. If a majority of Walgreen's 13,200 stores employed the same fraudulent practice, then there would be hundreds of thousands of false claims and the Government damages would equal hundreds of millions of dollars.

8

*Id*. ¶ 58. It is therefore apparent that the *Pharmaleta* complaint should have put the Government on notice of the same nationwide scheme alleged in Relator Mosley's Complaint.

The *Cho* court noted that in *U.S. ex rel. Heath v. AT & T, Inc.*, 791 F.3d 112 (D.C. Cir. 2015), an earlier-filed action did not bar a later-filed action where "the earlier-filed action, was 'limited' in scope and did not extend beyond Wisconsin," and the later-filed action "allege[d] a different and more far-reaching scheme to defraud the federal government through service contracts entered into across the Nation." *Cho*, 30 F.4th at 1043 (citing *Heath*, 791 F.3d at 121-22). Unlike the differences in scope described in *Heath*, the scheme alleged in both the *Pharmaleta* complaint and here are the same: that Walgreens stores knowingly accepted Manufacturer's Coupons from Medicare Part D beneficiaries knowing that doing so constituted an illegal inducement to the beneficiaries in violation of the Ani-Kickback statute. Therefore, the original *Pharmaleta* complaint should have put the Government on notice of the nationwide scope of the alleged Coupon Scheme given the allegations that the Cleveland Store was representative of stores throughout the United States and that the fraudulent practice is national in scope and size. *Pharmaleta*, No. 17-cv-01943, (N.D. Ohio Sep. 14, 2017), ECF No. [1] ¶¶ 53, 58. As another district court in this Circuit recently explained, "[b]ecause the government would have been equipped to investigate Defendants based on only [the first-filed complaint], the FCA's first-to-file rule mandates dismissal of the Relator's FCA claims." *United States v. Millennium Physician Grp.*, No. 2:16-CV-798-JLB-KCD, 2023 WL 2022228, at *5 (M.D. Fla. Feb. 15, 2023). Neither party argues, nor has the Court found any authority to support, that it is relevant to the first-to-file analysis that the *Pharmaleta* complaint was sealed when Relator Mosley's Complaint was filed in this case. The essential inquiry is determining whether the government was on notice of the scheme alleged in Relators' Complaint. *See Cho*, 20 F.4th at 1043.

Therefore, after conducting a side-by-side comparison *de novo*, the Court agrees with Judge Reinhart that "both complaints allege a scheme whereby Walgreens encouraged employees to accept drug manufacturers' coupons from Part D beneficiaries," but also finds that Relator Mosley's Complaint and *Pharmaleta's* complaint allege a nationwide geographic scope of the Coupon Scheme. As such, Counts I and II, alleging that the Coupon Scheme violated 31 U.S.C. §§ 3729(a)(1)(A) and 3729(a)(1)(B), respectively, must be dismissed because they allege the same essential scheme as the relator alleged in *Pharmaleta*. Consistent with the Supreme Court's holding in *Kellogg Brown*, the Court dismisses Counts I and II without prejudice. 575 U.S. at 662. As recognized in *Cho*, "the first-to-file bar will not prevent relators from bringing a new action once the earlier-filed action is no longer pending." *Cho*, 30 F.4th at 1040, n.2.

Because the Court has determined that all counts of the Complaint must be dismissed, it does not proceed to address the remaining Objections to the R&R.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [86]**, is **ADOPTED IN PART**.
2. Defendant's Objections, **ECF No. [90]**, are **SUSTAINED IN PART**.
3. Defendant's Motion to Dismiss, **ECF No. [63]**, is **GRANTED**.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.
5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 8, 2023.

 

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record