UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80200-BLOOM/Reinhart

UNITED STATES *ex rel.*
Elmer Mosley, Ph.D., R.PH.,

    Plaintiff/Relator,

v.

WALGREEN CO.,

    Defendant.

_____/

## ORDER ON MOTION FOR RECONSIDERATION AND/OR CLARIFICATION

**THIS CAUSE** is before the Court upon Relators Elmer Mosely and Pharmaleta, LLC's (collectively, "Relators") Motion for Reconsideration and/or Motion for Clarification, ECF No. [103], ("Motion"). Defendant Walgreen Co. filed a Response, ECF No. [107]. The Court has carefully considered the Motion, the Response, the record, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.    BACKGROUND**

Relator Elmer Mosely brought this action on behalf of the United States under the False Claims Act (FCA) alleging two fraudulent schemes perpetrated by Defendant: (1) the Manufacturer Coupon Scheme ("Coupon Scheme") and (2) the Medication Management Scheme ("MTM Scheme"). *See* ECF No. [1]. On July 18, 2022, the Government filed a Notice of Election to Decline Intervention. ECF No. [39]. Thereafter, on October 25, 2022, Relators filed their Amended Complaint, which added Relator Pharmaleta, LLC as a Plaintiff, and alleged the same Coupon Scheme and MTM Scheme. ECF No. [43]. The Amended Complaint alleges four claims: that the Coupon Scheme involved Illegal Kickbacks in violation of the FCA – 31 U.S.C. § 3729(a)(1)(A) (Count I); that the Coupon Scheme involved Illegal Kickbacks in violation of the FCA – 31 U.S.C. § 3729(a)(1)(B) (Count II); the MTM Scheme violated 31 U.S.C. § 3729(a)(1)(A)

(Count III); and the MTM Scheme violated 31 U.S.C. § 3729(a)(1)(B) (Count IV). *See generally id*.

Defendant filed a Motion to Dismiss all counts of the Amended Complaint. ECF No. [63]. The Court referred the Motion to Dismiss to Magistrate Judge Reinhart for Report and Recommendation ("R&R"). ECF No. [78]. Judge Reinhart issued an R&R recommending that the Court grant in part and deny in part Defendant's Motion to Dismiss. ECF No. [86] at 30. The Court then considered Objections to the R&R and adopted the R&R in part. ECF No. [102]. Specifically, the Court sustained Defendant's Objections to the R&R's recommendation that Relators be permitted to proceed on Counts I and II. *See id*. The Court adopted Judge Reinhart's recommendation that Counts III and IV be dismissed without prejudice. Because Counts I and II were barred by the first-to-file rule and could only be refiled in a new case, the Court dismissed the entire action and directed the Clerk of Court to close the case. *Id*. at 10.

On September 5, 2023, Relators filed the instant Motion seeking reconsideration or clarification. ECF No. [103]. Therein, Relators seek a Court Order permitting Relators "to either (a) file a second amended complaint, or (b) file a motion for leave to file a second amended complaint with the proposed amended complaint attached." *Id*. at 3. Defendant responds that if the Court is inclined to consider permitting amendment "the Court should clarify that Relators must move for leave to amend so that the parties can fully brief whether the Court should permit [a Second Amended Complaint] as to the Medication Therapy Management ("MTM") claims only." ECF No. [107] at 1. Defendant states that it "opposes Relators' Motion as improper to the extent the Motion itself seeks leave to file an SAC." *Id*.

**II.     LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure Rule 60, courts may grant relief from an order based upon a variety of specifically enumerated reasons. *See* Fed. R. Civ. P. 60(b). Pertinent here,

Case No. 18-cv-80200-BLOOM/Reinhart

a court may relieve a party from an order for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)[1] (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). In any event, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

### III.   DISCUSSION

Relators seek leave to file a Second Amended Complaint or for permission to file a Motion for Leave to file a Second Amended Complaint. Defendant opposes the Motion to the extent the Motion seeks leave to file a Second Amended Complaint but does not oppose the Court granting Relators the opportunity to file a Motion for Leave to file a Second Amended Complaint in which the parties can fully brief the issue.

The Court adopted Judge Reinhart's recommendation that Counts III and IV be dismissed without prejudice after finding that recommendation to be well reasoned. ECF No. [102] at 5. The Court dismissed Counts I and II with prejudice in response to a first to file bar and noted that the only way to successfully allege those claims would be in a new case. However, the Court dismissed

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

Counts III and IV *without prejudice*, but did not engage in an analysis whether leave to amend would be proper and directed the Clerk of Court to close the case. *See generally id*.

In light of the agreement by all parties that it would be proper for Relators to file a Motion for Leave to File a Second Amended Complaint which includes only the MTM Claims, it is apparent that the case should be reopened. Counts III and IV were dismissed without prejudice and Relators now seek leave to amend. Relators persuasively argue that "if Relators' only recourse is to re-file the MTM Scheme claims in a separate action, this will inevitably present statute-of-limitations issues and trigger the FCA's public disclosure bar given this case is now in the public domain." ECF No. [103] at 6-7. The Court agrees with Relators that those facts present "any other reason that justifies relief" under Rule 60(b). *See* Fed. R. Civ. P. 60(b)(6). The Court therefore agrees that the case should be reopened, and Relators will be permitted to file a Motion for Leave to File a Second Amended Complaint.

### IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Relator's Motion, **ECF No. [103]**, is **GRANTED**.
2. The Clerk is directed to **REOPEN** this case.
3. Relators shall file their Motion for Leave to File a Seconded Amended Complaint with the proposed complaint attached on or before **September 29, 2023**. *See* S.D. Fla. L.R. 15.1.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 15, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record