UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80200-BLOOM/Torres

UNITED STATES *ex rel.*
Elmer Mosley, Ph.D., R.PH.,
and PHARMALETA, LLC,

      Plaintiff/Relator,

v.

WALGREEN CO.,

      Defendant.
_____/

### ORDER ON DEFENDANT'S MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendant Walgreen Co.'s ("Walgreens") Motion to Stay Discovery Until the Court Rules on the Motion to Dismiss the Second Amended Complaint and Supporting Memorandum of Law ("Motion to Stay Discovery"), ECF No. [118], filed on November 16, 2023. Plaintiffs/Relators Elmer Mosley, Pharm. D., R. Ph., and Pharmaleta, LLC (collectively, "Relators"), filed a Response, ECF No. [121], to which Walgreens filed a Reply, ECF No. [122]. The Court has reviewed the record, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, Walgreens' Motion to Stay Discovery, ECF No. [118], is denied.

**I.   BACKGROUND**

Relator Elmer Mosley initially brought this *qui tam* action on behalf of the United States against Walgreen under the False Claims Act (FCA), 31 U.S.C. § 3729 et *seq.*, on February 20, 2018. ECF No. [1]. On July 18, 2022, the Government filed a Notice of Election to Decline Intervention. ECF No. [39]. On November 25, 2022, Mosley filed a First Amended Complaint, adding Pharmaleta, LLC as a relator. In the First Amended Complaint, Relators challenged two

fraudulent schemes by Walgreens in violation of the FCA: (1) a coupon scheme where, "[t]o outcompete other retail pharmacies, Walgreens knowingly accepted manufacturer coupons for pharmaceuticals that were clearly marked as ineligible for Medicare patients[,]" and (2) a Medication Therapy Management ("MTM") scheme where, "[t]o maximize reimbursement from Medicare without incurring necessary pharmacist labor costs, Walgreens knowingly allows and encourages its pharmacists to perform sham Medication Therapy Management or "MTM" services that are not in accordance with industry standards and CMS [(Centers for Medicare & Medicaid Services)] regulations." ECF No. [43] at 1-2.

On May 10, 2023, the Court granted Walgreens' Motion to Dismiss Relators' First Amended Complaint, ECF No. [63]. *See* ECF No. [102]. The Court dismissed Relators' claims as to both the coupon and MTM schemes following a Report and Recommendation ("R&R") by Magistrate Judge Bruce Reinhart, ECF Nos. [86]. ECF No. [102].[1] The Court adopted the R&R's recommendation as to the MTM scheme — the only scheme relevant to the Court's current order — ECF No. [102] at 5. The R&R dismissed the two claims brought pursuant to the MTM scheme in the First Amended Complaint on three grounds:

(1) "First, the Amended Complaint fails to allege that Walgreens' provision of MTM services amounted to a fraudulent scheme because the Relators do not allege that Walgreens' compliance with CMS's regulations was a prerequisite for payment of a claim." ECF No. [86] at 28 (citing *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 468 (6th Cir. 2011)). The regulations and industry standards, as well as the CMS Prescription Drug Benefit Manual, included in or appended to the First Amended Complaint only regulated Part D sponsors,

---

[1] The Court adopted the R&R's recommendation, *see* ECF No. [86], to dismiss Counts III and IV of the First Amended Complaint as to the MTM scheme. ECF No. [102] at 5. The Court departed from the R&R and mandated the dismissal of Counts I and II of the First Amended Complaint as to the coupon scheme. *Id*. at 5-11.

not pharmacies such as Walgreens, which provide the MTM services. ECF No. [86] at 28. This was insufficient to state a FAC claim.

(2) "Second, although the Amended Complaint characterizes the MTM service Walgreens provided as 'worthless,' this conclusory designation is purely speculative and is not supported by the factual allegations pled." ECF No. [86] at 29. "Relators only allege deficiencies with regard to the Medical Action Plan, which was only one of three documents the Part D Sponsor is expected to deliver to the beneficiary following his or her consultation session with the pharmacist." *Id.* at 29. This was insufficient to state a FAC claim.

(3) "Finally, the Amended Complaint is devoid of any allegation that Walgreens or any of the other entities in the MTM service supply chain (i.e., the vendor or Part D Sponsor) submitted any claims for payment to the government." *Id.* at 29. Instead, Walgreens is three levels removed from the payment of funds to the government. *Id.* This was insufficient to state a FAC claim.

Following the Court's dismissal, Relators now bring this Second Amended Complaint, filed on October 19, 2023. *See* ECF No. [114]. Relators describe the scheme as follows:

> To maximize reimbursement from Medicare without incurring necessary pharmacist labor costs, Walgreens knowingly allows and encourages its pharmacists to perform sham Medication Therapy Management or "MTM" services that are not in accordance with industry standards and CMS regulations. While these services are supposed to provide Medicare beneficiaries with important counseling regarding their medications, Walgreens performs these services in such a sham manner that they are "worthless" and thus result in false claims for payment to the Government. Relators refer to this scheme throughout the Second Amended Complaint as the MTM Scheme.

*Id.* at 1-2.

Relators bring two claims against Walgreens under the False Claims Act ("FCA") pursuant to the MTM Scheme: (1) a violation of 31 U.S.C. § 3729(a)(1)(A) by presenting and/or causing to be presented to the Government or its intermediaries false or fraudulent claims for payment or approval (Count I); and (2) a violation of 31 U.S.C. § 3729(a)(1)(B) by knowingly making, using, or causing to be made or used, false records and statements material to get false or fraudulent claims paid or approved by the Government. ECF No. [114] at 37-38.

On November 16, 2023, Walgreens filed a Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss"), ECF No. [117], and a Motion to Stay Discovery, ECF No. [118]. In this Order, the Court considers only Walgreens' Motion to Stay Discovery, ECF No. [118].

## II.    LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[M]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Cuhaci v. Kouri Grp., LP*, No. 20-CV-23950, 2021 WL 1945819, at *2 (S.D. Fla. May 14, 2021) (citations omitted). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Id.* at 652. "[A] defendant who requests a blanket stay of discovery must do more than simply point to the pendency of a dispositive motion: it must also make a specific showing of prejudice or burdensomeness." *Wilshire Ins. Co. v. Crestview Towers Condo., Ass'n, Inc.*, No. 21-23214-CIV, 2023 WL 7129941, at *8 (S.D. Fla. Mar. 8, 2023) (citation omitted). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and

4

reasonableness." *Ray,* 2012 WL 5471793, at *1. "Defendants bear a tall burden in seeking discovery stays." *Lord v. Univ. of Miami*, No. 13-22500-CIV, 2021 WL 9859769, at *2 (S.D. Fla. Oct. 27, 2021).

"[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). "To evaluate whether there is a strong likelihood 'the [dismissal] motion will be granted and entirely eliminate the need for such discovery,' the district court must take a 'preliminary peek' at the merits of the motion.'" *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (quoting *Feldman*, 176 F.R.D. at 652-53). When taking a preliminary peek at a motion to dismiss for purposes of a motion to stay discovery, the Court must decide if the motion to dismiss "appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53. In other words, the Court asks "if on [the motion to dismiss's] face there appears to be an immediate and clear possibility that it will be granted." *Id.* at 653 (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). "The court must also weigh 'the harm produced by a delay in discovery' against 'the likely costs and burdens of proceeding with discovery.'" *Ray*, 2012 WL 5471793, at *1 (quoting *Feldman*, 176 F.R.D. at 652). On the one hand, "a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit[.]" *Ray*, 2012 WL 5471793, at *1 (alteration added; citations omitted). On the other hand, "the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case." *Id.*

### III. DISCUSSION

#### A. Walgreens Does Not Sufficiently Establish Prejudice or Burdensomeness

Walgreens argues that the Court should grant a stay of discovery pending the Court's ruling on Walgreens' Motion to Dismiss. *See generally* ECF No. [118]. Walgreens argues that the harm produced by a delay in discovery is minimal compared to the costs it will endure if discovery proceeds. *Id.* at 6-8. Discovery as to this nationwide scheme, which took place over multiple years, would be expensive and complex. *Id.* Relators respond that the only pending discovery relating to the MTM scheme is Relators' October 23, 2023 request for production of documents already produced to the Government relating to investigation in the MTM Scheme "since Relator Mosley filed the Original Complaint on February 20, 2018." *Id.* at 10-11. Relators argue that there would be no undue expense or burden to provide Relators with those same documents. *Id.* at 11. Walgreens replies that it would have to pay monthly costs associated with hosting those documents on a live platform, as well as spend time to select the documents relevant to the MTM scheme, as it shared information with the Government relevant to both the coupon and the MTM scheme. ECF No. [122] at 9. Additional discovery requests from Relators could also be unduly burdensome and prejudicial. *Id.* Finally, Walgreens argues that Relators would not be prejudiced by a stay since Relators' counsel has already reviewed Walgreens' production to the Government. *See* ECF No. [121] at 11 n.3; ECF No. [122] at 10.

The Court finds that Walgreens has not made a "specific showing of prejudice or burdensomeness" entitling it to a stay of discovery. *Wilshire Ins.,* 2023 WL 7129941, at *8. Walgreens merely stated that it will endure the costs of hosting documents on a live platform and the costs of selecting documents it shared with the Government if it proceeds with discovery. ECF No. [122] at 9. Walgreens has not stated the actual cost of complying with discovery nor explained why the costs of selecting documents pertaining to the MTM scheme among documents *previously*

produced to the Government would be burdensome or prejudicial at this stage of the litigation, as opposed to merely inconvenient. Walgreens statement that it will generally endure costs does not, without more, rise to the level of a "particularized showing that it will be unfairly burdened without a stay." *See Lord*, 2021 WL 9859769, at *3 (denying defendant's motion to stay discovery in FCA retaliation case). Even if Walgreens must expend some resources to comply with discovery, these are not "substantial resources" warranting a discovery stay in this case. *Ray*, 2012 WL 5471793, at *1.

As explained by this Court in *Lord*, "federal law places a thumb on the scale against discovery stays while also permitting departure from that general rule when the circumstances warrant — and when the proponent of the stay sets forth sufficient justification for delay." *Lord*, 2021 WL 9859769, at *2. Absent these justifications, Walgreens has not set forth a basis for the Court to grant its Motion to Stay Discovery, ECF No. [118]. Though Walgreens identifies instances where stays of discovery were granted in a similar posture,[2] a stay is not warranted in this posture under Eleventh Circuit precedent. Walgreens quotes the Eleventh Circuit's proposition in *Chudasama* that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). While that may well be desirable in certain cases, courts have since clarified that *Chudasama* "does

---

[2] Walgreens is correct that the Court has granted stays of discovery pursuant to pending motions to dismiss. *See, e.g., Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011); *Zinn v. SCI Funeral Servs. Of Fla., Inc.*, No. 12-80788-CIV, 2013 WL 12080175, at *2 (S.D. Fla. Mar. 4, 2013). A court has also granted discovery stays in the FAC context on a similar procedural posture after a Second Amended Complaint purportedly failed to cure the defects of the Fist Amended Complaint. *Paul v. Biotronik, Inc.*, No. 8:18-CV-396-T-36JSS, 2020 WL 13369048, at *3 (M.D. Fla. Oct. 16, 2020). The court did so because it found "after a preliminary review of the [Second Amended Complaint ("SAC")] and Defendant's second motion to dismiss, it appears that pleading deficiencies in the SAC remains" *Id*. The Court comes to a different result in this case, as discussed in part III.B below.

not counsel an automatic stay of discovery upon the filing of a motion to dismiss." *Lord*, 2021 WL 9859769, at *2 (citing *Chudasama*, 123 F.3d at 1367)).[3]

The Court finds that Walgreens has not set forth sufficient "costs and burdens of proceeding with discovery" that would outweigh "the harm produced by a delay in discovery[.]" *Ray*, 2012 WL 5471793, at *1.

### B. Walgreens' Motion to Dismiss Does Not Appear to be Clearly Meritorious and Case Dispositive After a Preliminary Peek

The Court now turns to the question of whether Walgreens' Motion to Dismiss "appears to be clearly meritorious and truly case dispositive" thus warranting a discovery stay. *Feldman*, 176 F.R.D. at 652–53. Walgreens asserts that the defects that led to the dismissal of Relators' First Amended Complaint are not cured by the Second Amended Complaint, thus warranting a stay. ECF No. [117] at 2. When this Court dismissed Relators' First Amended Complaint, ECF No. [102], Walgreens had already expended resources to produce discovery, which it fears it will do in this case. *Id.* at 2. Relators respond that Walgreens' Motion to Dismiss is not clearly meritorious, so the court should deny it. ECF No. [121] at 4. Relators assert that they have cured the pleading deficiencies that led to the dismissal of their First Amended Complaint in the R&R, ECF No. [86], affirmed by the Court, *see* ECF No. [102]. *See generally* ECF No. [121]. First, Relators assert they have added allegations to their Second Amended Complaint that demonstrate that Walgreens' compliance with CMS regulations and industry standards when performing an MTM review is a prerequisite for Government payment. ECF No. [121] at 4-5. Second, Relators assert they have added allegations not contained in their First Amended Complaint to plead that Walgreens sought reimbursements for worthless MTM Services that had no medical value. *Id.* at 6-7. Third, Relators

---

[3] *Chudasama* was not a run-of-the-mill case. There, the Eleventh Circuit held that the district court abused its discretion when it failed to rule on significant pretrial motions or intervene in discovery disputes that "deteriorated into unbridled legal warfare." 123 F.3d at 1357, 1367.

argue that they have added allegations of payment by the Government of Walgreens' Part D claims. *Id.* at 7-8. Walgreens replies that the substance of most of the allegations that Relators purport to have added to the Complaint were already in the First Amended Complaint. ECF No. [122] at 2-8. The allegations that were not in the First Amended Complaint are inadequate. *Id.* at 3.

Taking a preliminary peek at Walgreens' Motion to Dismiss, the Court cannot say at this stage that it is a "sure winner" warranting a stay of discovery at this stage. *Wilshire Ins.,* 2023 WL 7129941, at *9; ECF No. [118]. To be sure, Walgreens points to instances where the allegations mentioned by Relators as being added to the Second Amended Complaint are word-by-word copies of paragraphs of the First Amended Complaint. *See*, *e.g.*, ECF No. [122] at 2 (comparing First Amended Complaint, ECF No. [43] ¶¶ 48-49; Second Amended Complaint, ECF No. [114] ¶¶ 37-38). However, Walgreens also concedes that at least *some* allegations have changed from the First Amended Complaint to the Second Amended Complaint, even if it argues this information will not help Relators' Second Amended Complaint survive the Motion to Dismiss. ECF No. [122] at 3-4; ECF No. [117] at 12, 15. The Court notes differences between allegations made in the First Amended Complaint and in the Second Amended Complaint that could change the outcome of the Motion to Dismiss as to the Second Amended Complaint. *See, e.g.,* First Amended Complaint, ECF No. [43] ¶¶ 140–43, 163; Second Amended Complaint, ECF No. [114], ¶ 100. Given the changes between the First and Second Amended Complaint, there is no reason for this Court to believe, after taking a "preliminary peek" at the Motion to Dismiss the Second Amended Complaint, that it "appears to be clearly meritorious and truly case dispositive[,]" *Feldman*, 176 F.R.D. at 652–53, and would "entirely eliminate the need for such discovery[.]'" *Ray*, 2012 WL 5471793, at *1.[4]

---

[4] Having found that at least one argument in Walgreens' Motion to Dismiss is not "clearly meritorious" the Court does not reach alternative arguments raised by Walgreens in its Motion to Dismiss

Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman*, 176 F.R.D. at 652. Moreover, "[t]he Court enjoys 'broad discretion' in deciding whether a stay of discovery is warranted." *Paul v. Biotronik, Inc.*, No. 8:18-CV-396-T-36JSS, 2020 WL 13369048, at *2 (M.D. Fla. Oct. 16, 2020). Because the Court finds that Walgreens has not carried its "tall burden in seeking discovery stays." *Lord*, 2021 WL 9859769, at *2, Walgreens' Motion to Stay Discovery is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [118]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 18, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

for purposes of this Motion to Stay. The Court will turn to the merits of Walgreens' Motion to Dismiss when ruling on that motion, ECF No. [118].