UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 18-CV-80200-BLOOM/REINHART

UNITED STATES OF AMERICA *ex rel.*
ELMER MOSLEY, PHARM. D., R. PH. and
PHARMALETA, LLC,

      Plaintiffs/Relators,

v.

WALGREEN CO.,

      Defendant.
_____/

**JOINT MOTION FOR AN ORDER DISMISSING CASE AND FOR THE COURT TO RETAIN JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT**

Pursuant to Federal Rule of Civil Procedure 41(a)(2) and the False Claims Act, 31 U.S.C. § 3730(b)(1), Relators Elmer Mosley and Pharmaleta, LLC ("Relators") and Defendant Walgreen Co. ("Walgreens") hereby submit this Joint Motion for an Order Dismissing Case and for the Court to Retain Jurisdiction to Enforce Settlement Agreement ("Joint Motion"), and state:

On November 19, 2024, Relators and Walgreens executed a settlement agreement, with the terms of the settlement approved by the United States Department of Justice ("DOJ"). Pursuant to Rule 41(a)(2), 31 U.S.C. § 3730(b)(1), and the parties' settlement agreement, Relators and Walgreens request that the Court enter an order dismissing **Relators' claims** against Walgreens **with prejudice** and dismissing **DOJ's claims without prejudice**.[1]

---

[1] According to the parties' settlement agreement, their settlement and this joint request for dismissal are **conditional** upon this Court dismissing Relators' claims with prejudice and dismissing DOJ's claims without prejudice.

Rule 41(a)(2) provides:

> (a) VOLUNTARY DISMISSAL.
>
> \*\*\*\*
>
> (2) *By Court Order; Effect.* **Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.** If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2) (emphasis added).

Relators and Walgreens are jointly requesting that the Court's order of dismissal include a reservation of jurisdiction for the Court to enforce the terms of Relators and Walgreens' settlement agreement. The reason for this joint request is that in the event there were ever an alleged breach of a material term of the settlement agreement, it would be more efficient to have this Court address such an issue on a motion to enforce the settlement agreement, instead of Relators or Walgreens having to initiate a new lawsuit. Accordingly, this Court reserving jurisdiction to enforce Relators and Walgreens' settlement agreement is an appropriate condition to be included in the Court's order of dismissal, consistent with Rule 41(a)(2). *See, e.g.*, *BlueGreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC*, No. 20-cv-25318, 2023 WL 7333257, at *1 (S.D. Fla. Oct. 25, 2023) ("[T]he district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'").

Relators and Walgreens also represent that, pursuant to 31 U.S.C. § 3730(b)(1), DOJ consents to the relief requested in this Joint Motion, and DOJ has confirmed that it will file a written notice of consent with the Court.

WHEREFORE, Relators and Walgreens jointly move for an order: (1) dismissing Relators' claims with prejudice with the Court retaining jurisdiction to enforce Relators and Walgreens' settlement agreement; and (2) dismissing DOJ's claims without prejudice.

RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Tel: 561-659-7878

/s Adam T. Rabin
Adam T. Rabin
arabin@rkjlawgroup.com
e-filing@rkjlawgroup.com
Fla. Bar No. 985635
Havan M. Clark
hclark@rkjlawgroup.com
Fla. Bar No. 1026390
*Counsel for Relator Elmer Mosley*

MENDENHALL LAW GROUP
Warner Mendenhall
warner@warnermendenhall.com
Logan Trombley
logan@warnermendenhall.com
190 N. Union Street
Akron, OH 44303
Telephone: 330.535.9160
*Counsel for Relator Pharmaleta, LLC*
*Pro Hac Vice*

/s Warner Mendenhall
*Warner Mendenhall*

*/s/ David Marston*
MORGAN, LEWIS & BOCKIUS, LLP
David Marston, Jr.
david.marston@morganlewis.com
600 Brickell Avenue, Suite 1600
Miami, FL 33131
305.415.3000
*Counsel for Walgreen Co.*

Howard Young
howard.young@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
202.739.3000

Rebecca Hillyer
rebecca.hillyer@morganlewis.com
Ryan P. McCarthy
ryan.mccarthy@morganlewis.com
Jeffrey J. Masters
jeffrey.masters@morganlewis.com
2222 Market Street
Philadelphia, PA 19103
215.963.5000

*Counsel for Walgreen Co.*
*Pro Hac Vice*

4

**Certificate of Service**

I certify that on December 19, 2024, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

/s Adam T. Rabin
Adam T. Rabin